UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MARTINEZ ECHEVERRIA,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden of the Adelanto Detention Center; ERNESTO SANTACRUZ, Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; PAM BONDI, Attorney General, United States Department of Justice; KRISTI NOEM, Secretary, United States Department of Homeland Security; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; Warden of Golden State Annex Detention Facility,<br><br>Respondents.[1] | No. 1:25-cv-01832-KES-SAB (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 26 |

This habeas action concerns the detention of petitioner Angel Martinez Echeverria, a noncitizen with temporary protected status under 8 U.S.C. § 1254a. Petitioner was detained by

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Petitioner is currently detained at Golden State Annex Detention Facility, *see* Doc. 8-1 at 2. The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)."). The Court therefore joins the Warden of Golden State Annex Detention Facility as a respondent in this action.

1

Immigration and Customs Enforcement ("ICE") agents on September 15, 2025. A statute provides that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

This matter is before the Court on petitioner's amended motion for temporary restraining order. Doc. 26. For the reasons explained below, petitioner's motion for temporary restraining order, which the Court converts to a motion for preliminary injunction, is granted.

**I.    Background**

Petitioner is a noncitizen from El Salvador who entered the United States in 1999. Doc. 25, Echeverria Decl. at ¶¶ 1, 4. He was granted Temporary Protected Status ("TPS") pursuant to 8 U.S.C. § 1254a no later than 2002. *Id.* ¶ 5; Doc. 22-1 at 3. Petitioner stated in his filings that he has maintained TPS since the early 2000s. *See* Doc. 25, Echeverria Decl. at ¶ 5. The Court ordered the parties to file supplemental briefs addressing whether petitioner currently has TPS. *See* Doc. 20. In response, on December 23, 2025, respondents filed a supplemental filing adding a section entitled: "Petitioner Appears to Have TPS through September 9, 2026." Doc. 23 at 1.

Respondents confirm in their supplemental filing that "8 U.S.C. § 1254a(d)(4) appears to apply to Petitioner." Doc. 23 at 5. Section 1254a(d)(4) provides that "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4). Respondents confirm that petitioner was granted TPS status and that "once an applicant is granted TPS, they continue to be in a TPS status unless the Agency takes some action to terminate the status." Doc. 23 at 5. Respondents indicate that "[t]he United States can locate no withdrawal or notice of withdrawal" of petitioner's TPS benefits. *Id.* They further confirm that the United States Citizenship and Immigration Services ("USCIS") has determined that petitioner continues to be on TPS status.[2] *Id.*

---

[2] Respondents indicate that petitioner's TPS file was "administratively closed" (for reasons not clear in the record). Doc. 23 at 5. But they confirm that petitioner has a pending application for

2

The TPS program "provides humanitarian relief to foreign nationals in the United States who come from specified countries." *Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). Under the TPS program, the Attorney General may designate any foreign state if that foreign state "is beset by especially bad or dangerous conditions, such as arise from natural disasters or armed conflicts." *Id.*; *see* 8 U.S.C. § 1254a(b). The Attorney General "may grant" any citizen of a designated foreign state who meets certain requirements "temporary protected status in the United States." 8 U.S.C. § 1254a(a)(1)(A). That status, once granted, provides a noncitizen with certain benefits "for as long as the TPS designation lasts." *Sanchez*, 593 U.S. at 412. Those benefits include a statutory prohibition on the noncitizen's removal and detention. 8 U.S.C. § 1254a(a)(1), (d)(4).

The government designated El Salvador under the TPS program in 2001. *Designation of El Salvador Under Temporary Protected Status Program*, 66 FR 14214 (Mar. 9, 2001). The government has repeatedly extended El Salvador's designation, most recently on January 17, 2025.[3] *Extension of the Designation of El Salvador Under Temporary Protected Status Program*, 90 FR 5953 (Jan. 17, 2025). The most recent designation is effective until at least September 9, 2026. *Id.*

Petitioner applied to adjust his status to that of a lawful permanent resident in April 2025, based on his marriage to a United States citizen. Doc. 25 at ¶ 29. Petitioner and his wife appeared for an interview at the USCIS office in Fresno, California on September 15, 2025. *Id.* ¶ 30. At the interview, ICE agents arrested him. *Id.* ¶ 31. Petitioner is now detained at Golden State Annex Detention Facility. *See id.* ¶ 1. The government initiated removal proceedings

///

---

continued TPS benefits and that "USCIS indicates that Petitioner continues to have TPS while his re-registration application is pending." *Id.*

[3] The government announced the termination of El Salvador's TPS designation in 2018, but the planned termination did not take effect due to litigation. *See Termination of the Designation of El Salvador for Temporary Protected Status*, 83 FR 2654 (Jan. 22, 2018); *Continuation of Documentation for Beneficiaries of Temporary Protected Status Designations for Sudan, Nicaragua, Haiti, and El Salvador*, 83 FR 54764 (Oct. 31, 2018).

1 against petitioner, charging him as inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Doc. 19-2, Ex. 3.

## II.     Procedural History

On November 16, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a motion for temporary restraining order, Doc. 2, in the United States District Court for the Central District of California. Petitioner argued in those filings that his detention without a bond hearing violated 8 U.S.C. § 1226(a), its implementing regulations, and the Due Process Clause of the Fifth Amendment. *See* Docs. 1, 2. Respondents filed an opposition and a request to dismiss for lack of jurisdiction. Docs. 5, 7. The District Court for the Central District of California subsequently transferred the matter to this Court, as petitioner was detained in this district at the time of filing. Doc. 12.

Following additional briefing addressing whether 8 U.S.C. § 1254a(d)(4) applied to petitioner, the Court permitted petitioner to file an amended petition for writ of habeas corpus and an amended motion for a temporary restraining order. Doc. 24. That order provided respondents with an opportunity to file any additional opposition within two business days of petitioner's filing of his amended motion for temporary restraining order. *Id.* The Court also directed respondents to state their position on whether the amended motion for temporary restraining order should be converted to a motion for preliminary injunction and whether they requested a hearing on the motion. *Id.*

Petitioner filed a first amended petition for writ of habeas corpus and an amended motion for temporary restraining order on December 29, 2025, arguing that his detention violated 8 U.S.C. § 1254a(d)(4), among other grounds. Docs. 25, 26. Respondents did not file a further opposition and the deadline to do so has passed.

## III.    Conversion to a Motion for Preliminary Injunction

Given that the standard for issuing a temporary restraining order or a preliminary injunction is substantially the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), and that respondents had notice and an opportunity to respond in opposition, petitioner's motion is converted to a motion for preliminary injunction.

## IV. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## V. Discussion

### a. Likelihood of Success on the Merits

Section 1254a(d)(4) states that "[a]n alien provided temporary protected status under this section *shall not be detained* by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4) (emphasis added). Respondents concede that petitioner has TPS and that 8 U.S.C. § 1254a(d)(4) applies. Doc. 23 at 5; *see also* Doc. 25, Echeverria Decl. at ¶ 5. As 8 U.S.C. § 1254a(d)(4) prohibits his detention, petitioner is likely to succeed on the merits of his claim that his detention is unlawful. *See Sanchez Puentes v. Garite*, 780 F. Supp. 3d 682, 697–98 (W.D. Tex. 2025) (holding that detention of noncitizens with TPS status violated 8 U.S.C. § 1254a(d)(4)).

### b. Irreparable Harm

Turning to the second *Winter* factor, petitioner has established that he will be irreparably harmed absent a preliminary injunction. "Obviously, the [unlawful deprivation] of liberty is a . . .

severe form of irreparable injury." *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005). Given that petitioner is likely to succeed on the merits of his claim that his detention is unlawful under 8 U.S.C. § 1254a(d)(4), petitioner faces irreparable harm absent a preliminary injunction.

### c. Balance of Equities and Public Interest

When the government is the nonmoving party, "the last two *Winter* factors merge." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citations omitted). Although the government has a strong interest in enforcing the immigration laws, the government "'cannot reasonably assert that it is harmed in any legally cognizable sense' by being compelled to follow the law." *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) (quoting *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)).

The public interest also weighs in petitioner's favor. "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854 (N.D. Cal. June 14, 2025) (citing *Jorge M.F. v. Wilkinson*, No. 21-CV-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021).

### d. Remedy

The Court finds that the requirements for issuing a preliminary injunction are met. Petitioner's immediate release is required to return him to the status quo ante—"the last uncontested status which preceded the pending controversy." *Pinchi v. Noem*, No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *3 (N.D. Cal. July 4, 2025); *Kuzmenko v. Phillips*, No. 2:25-cv-00663-DJC-AC, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025).

## VI. Conclusion and Order

Accordingly:

1. Petitioner's amended motion for a preliminary injunction, Doc. 26, is GRANTED.
2. Respondents are ORDERED to release petitioner immediately.
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner so long as he maintains temporary protected status.

4. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Garcia*, 2025 WL 1676855, at *3; *Pinchi*, 2025 WL 1853763, at *4.

5. This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated: January 7, 2026

UNITED STATES DISTRICT JUDGE